IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. TRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-491-GMS |
| | ) |
| LARRY IVAN CHAPMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, William R. Trice ("Trice"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit on April 13, 2012. Presumably, Trice seeks relief pursuant to 42 U.S.C. § 1983[1] as the complaint alleges violations of his constitutional rights. (D.I. 3.) He also raises supplemental State law claims. Trice appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

This is the third civil case Trice has filed raising issue surrounding his arrest in June 2010 for violating a no contact order. In *Trice v. Barlow*, Civ. No. 11-355-GMS, the court dismissed the complaint on August 11, 2011, as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A. The named defendants in Civ. No. 11-355-GMS were Norman Barlow ("Barlow"), the City of Harrington, Delaware ("City of Harrington"), Larry Chapman ("Chapman"), Beverly Chapman ("Beverly"), and Mary Szczytrowski ("Szczytrowski"). The second case, *Trice v. City of*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Harrington Police Dep't*, Civ. No. 11-767-GMS, was filed on September 1, 2011, against the City of Harrington, Lt. Eric Maloney ("Maloney"), Officer Keith B. Shyers ("Shyers"), and Officer Earl K. Brode ("Brode"). Upon the filing of the amended complaint, Trice was allowed to proceed against Maloney and Brode for alleged violations of his constitutional rights. The courts notes that the allegations in the instant complaint are somewhat different than those in the related complaints. In addition, Trice provided exhibits in the instant case that he did not provide in the other cases.

Named as defendants in the instant case are Chapman, Szczytrowski, Shyers, Maloney, and Brode. On June 21, 2010, Szczytrowski reported to police officials that the previous day, Chapman, who is her father, had seen Trice at 51 California Parkway in Harrington, Delaware ("51 California"). She claimed that Trice was in violation of a no contact order. The no contact order was imposed as a condition of Trice's release in Criminal Case No. 1004011070 that was pending in the Superior Court of the State of Delaware in and for Sussex County. (D.I. 3, ex.)

Trice was seen entering property located at 52 California Parkway ("52 California"). (D.I. 3. ex. warrant at ex. A.) Chapman lives next door to 52 California, and he spoke to Trice. At the time, Trice lived with his mother at 51 California. According to Trice, police officials knew, or should have known, that the California property was his residence as well as a rental unit as defined by Delaware law. Trice was arrested on June 23, 2010 for violating the no contact order pursuant to information obtained from Szczytrowski and Chapman.[2] On March 22,

---

[2] A supplemental police report indicates that Trice turned himself in on June 23, 2010, and was released to the custody of his parents with a $5,000 unsecured bond. Trice stated that he stopped by his mother's to get clothing, but thought that the no contact order "only meant when the subjects are present." (D.I. 3, ex.) Trice stated that, "because he went to his mother's house, he thought it was OK." (*Id.*)

2

2011, the Delaware Department of Justice entered a *nolle prosequi* on all charges.[3] Trice alleges that he was deprived access to his property from June 12, 2010 until March 22, 2011 as a result of the actions of the defendants.

The complaint contains four counts, as follows: (1) count one against all defendants for conspiracy to commit slander/libel, false arrest, false imprisonment, false prosecution, and deprivation of constitutional rights; (2) count two against Shyers and Maloney for causing an illegal ouster, slander/libel, false arrest, false imprisonment, false prosecution, and deprivation of constitutional rights; (3) count three against Shyers and Maloney for concealing facts of law and causing slander/libel, false arrest, false imprisonment, false prosecution, and deprivation of constitutional rights; (4) count four against Shyers and Brode for knowingly and intentionally processing and detaining plaintiff, holding plaintiff in custody, concealing facts of law causing his illegal ouster, and deprivation of constitutional rights. (D.I. 3, Statement of Claim ¶¶ 1-4.) Trice seeks compensatory damages.

---

[3]The court takes judicial notice that Trice was charged by indictment on June 7, 2010, with rape in the first degree, kidnapping in the first degree, strangulation, conspiracy, and multiple related offenses in Criminal No. 1004011070. Trice entered a *Robinson* plea to rape in the third degree, strangulation and tampering with a witness and the remaining charges were *nolle prossed* on March 22, 2011, including the charge for violating the no contact order in Criminal No. 1006018579. *Trice v. State*, 36 A.3d 351 (Del. 2012) (table decision); Superior Court Criminal Docket Nos. 1004011070 and 1006018519. On the rape conviction, Trice was sentenced to twenty-five years of Level V incarceration, to be suspended after eight years, followed by one year at Level IV and ten years of Level III probation. On the strangulation conviction, he was sentenced to five years at Level V, to be suspended for five years of concurrent Level III probation. On the witness tampering conviction, Trice was sentenced to five years at Level V, to be suspended for one year of concurrent Level III probation. *Trice v. State*, 36 A.3d 351.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trice proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trice leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Trice has a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege Trice' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

---

[4]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Deficient Pleading

Initially, the court notes that all of the claims are alleged in a conclusory manner. Trice provides insufficient detail to support an entitlement to relief for any of the claims. Because the complaint does not meet the pleading requirements of *Iqbal* and *Twombly*, and fails to state plausible claims for relief, the Court will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Conspiracy

Trice alleges the defendants engaged in a conspiracy to violate his constitute rights and to violate state law. For a § 1983 conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa. 1999), *aff'd*, 211 F.3d 1263 (3d Cir. 2000). *See also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

To plead a claim of civil conspiracy under Delaware law, Trice must allege facts establishing the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds between or among such persons relating to the object or a course of

6

action; (4) one or more unlawful acts; and (5) damages as a proximate result thereof. *See Matthew v. Laudamiel*, 2012 WL 1150768 (Del. Ch. Feb. 21, 2012) (citations omitted). Trice need not allege "the existence of an explicit agreement; a conspiracy can be inferred from the pled behavior of the alleged conspirators."

The allegations are conclusory. Notably, the complaint fails to contain allegations that indicate a deprivation of Trice's constitutional rights or a violation of any state law. Moreover, there are no allegations that the defendants reached an agreement to deprive Trice of his constitutional rights or to violate state law. Nor can one be inferred from the allegations in the complaint. Therefore, the conspiracy claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C. Personal Involvement/Respondeat Superior

With regard to any potential § 1983 claim, the complaint contains scant allegations directed to any defendant. Paragraphs one, seven, and nine of the statement of facts refer to the Szczytrowski's report that Trice violated the no contact order and his subsequent arrest. Paragraphs eight and nine refer to police officials, but does not identify any one individual. Finally, paragraph eleven states in a conclusory manner that all the defendants deprived him of access to his property as a result of their actions.

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The

Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Trice provides no specific facts of any of the defendants' personal involvement required to state a claim for violations of his constitutional rights. Nor does the complaint contain facts that any defendant expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. For the above reasons, the court finds the claims, as alleged are frivolous and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. Malicious Prosecution**

Trice alleges false prosecution, construed by the court as malicious prosecution. "To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

It appears, but is not clear, that Trice may have entered in an agreement with the prosecution for dismissal of the charges for violation of the no contact order. If dismissal of the

charges resulted from an agreement with the prosecution, and not Trice's innocence, he cannot establish favorable termination for purposes of a § 1983 action for malicious prosecution to the extent that is the type of claim he seeks to raise. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (a grant of *nolle prosequi* that does not establish actual innocence cannot be used as a basis for establishing malicious prosecution). Regardless, in viewing the complaint and exhibits, it is evident that Trice cannot meet all elements required to establish malicious prosecution. More particularly, the complaint and exhibits, and notably Trice's own admission, indicate there was probable cause to arrest Trice for violating the no contact order. The claim is frivolous and will be dismissed will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. False Arrest/False Imprisonment

Trice alleges false arrest and false imprisonment. To succeed on such claims, Trice must establish that probable cause was lacking for his arrest and related detention. *See Groman v. Township of Manalapan*, 47 F.3d 628, 634-36 (3d Cir. 1995). The Fourth Amendment recognizes "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Probable cause exists when the circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *Gerstein v. Puqh*, 420 U.S. 103, 111 (1975) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1962). "Probable cause . . . does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995). It "exists if there is a fair probability that the person committed the crime at issue," *see also Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (quotations omitted), and "does not

depend on whether the suspect actually committed any crime." *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005).

The complaint alleges that the warrant issued because Trice violated a no contact order. Exhibits to the complaint indicate that Trice admitted that he violated the no contact order. Rather than allege a lack of probable cause, the facts indicate that probable cause existed for issuance of the warrant, which resulted in Trice's arrest and detention. Probable cause precludes the false arrest and false imprisonment claims. *See White v. Brown*, 408 F. App'x 595 (3d Cir. 2010) (not published). For the above reasons, the court finds the claims, as alleged, are frivolous and they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### F. Libel/Slander

Trice alleges libel/slander by all defendants, apparently in reference to his arrest for violating the no contact order. Delaware adheres to the common law rule of "absolute privilege" that "protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to a matter at issue in the case." *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992). "The absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' or 'invasion of privacy' could void its effect. . . . To the extent that such statements were made in the course of judicial proceedings, they are privileged, regardless of the tort theory by which the plaintiff seeks to impose liability." *Barker*, 610 A.2d at 1349.

10

It is evident from the allegations and exhibits that information relative to the violation of the no contact order during the course of judicial proceedings and, pursuant to precedent, cannot be considered as defamation or libel. Accordingly, the defendants are protected under the absolute litigation privilege and, for this reason, the court will dismiss the slander/libel claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the instant complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_August 27_, 2012
Wilmington, Delaware